UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TROY MOORE

             Plaintiff,

      vs.                                                **AMENDED COMPLAINT**

THE CITY OF NEW YORK, a municipal entity,
DETECTIVE RONALD LUPARELLO, SERGEANT      13 CV 0435 (FB)(CLP)
ALEXANDER LAGO, DETECTIVE ALEXANDER
WINTERS, DETECTIVE CARLOS PAIZ,
DETECTIVE VINCENT CALDERONE, POLICE
OFFICER THOMAS RAMIREZ, POLICE OFFICERS
JOHN DOE and RICHARD ROE (names and number
of whom are unknown at present), and other unidentified
members of the New York City Police Department,
New York City Police Supervisors
and Commanders RICHARD ROEs 1-50,

                                                          **JURY TRIAL**
                                                          **DEMANDED**
             Defendants
-----------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

      1.      This is a civil rights action in which the Plaintiff, TROY MOORE, seeks relief for the violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  The Defendants, members of the New York City Police Department (hereinafter "NYPD"), intentionally, willfully and maliciously assaulted, battered, and injured Plaintiff and subjected him to the intentional use of excessive force while other unidentified members of the NYPD acted with deliberate indifference in failing to intervene and protect him. Plaintiff was falsely arrested by the Defendants, and maliciously prosecuted on felony narcotics charges and other related charges.

      2.      Defendant City of New York (hereinafter "Defendant CITY") is liable for the

1

individual Defendants' acts under the theory of *respondeat superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant CITY and/or the NYPD, an agency of Defendant CITY.

3. As a result of the aforementioned constitutional violations, Plaintiff suffered physical injuries, specifically an orbital fracture and upper jaw fracture, emotional, mental and psychological pain and suffering.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

6. Plaintiff is and was at all times relevant herein a resident of the State of New York.

7. Defendant LUPARELLO, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On March 10, 2012, he was employed by the NYPD. He is being sued in his individual capacity.

8. Defendant LAGO, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On March 10, 2012, he was employed by the NYPD. He is being sued in his

individual capacity.

9. Defendant WINTERS, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On March 10, 2012, he was employed by the NYPD. He is being sued in his individual capacity.

10. Defendant PAIZ, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On March 10, 2012, he was employed by the NYPD. He is being sued in his individual capacity.

11. Defendant CALDERONE, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On March 10, 2012, he was employed by the NYPD. He is being sued in his individual capacity.

12. Defendant RAMIREZ, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On March 10, 2012, he was employed by the NYPD. He is being sued in his individual capacity.

13. New York City Police Officers JOHN DOE and RICHARD ROE (names and number of whom are unknown at present), and other unidentified members of the NYPD, are and were at all times relevant herein officers, employees and agents of the NYPD. Officers JOHN DOE and RICHARD ROE are being sued herein in their individual capacities for their participation in the excessive force against Plaintiffs..

14. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of Defendant CITY and/or the NYPD when engaging in the conduct described herein.

15.     At all times relevant herein, Defendants acted for and on behalf of Defendant CITY and/or the NYPD in furtherance of their employment by Defendant CITY, with the power and authority vested in them as officers, agents and employees of Defendant CITY and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of Defendant CITY and/or the NYPD.

16.     Defendant CITY is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

17.     On March 10, 2012, Plaintiff, 45 years old, was driving his vehicle, a white Ford Expedition, in the vicinity of Beach 88th Street and Beach Channel Dr. in Rockaway Beach, Queens.

18.     Plaintiff was driving his three-year-old son, Malik, to his birthday party.

19.     Six other children were also in the vehicle.

20.     At the corner of Beach 88th Street and Beach Channel Dr., a car pulled up in front of Plaintiff's vehicle.

21.     The occupants of this vehicle, DEFENDANTS LUPARELLO, LAGO, WINTERS, PAIZ, CALDERONE AND RAMIREZ (hereinafter "Individual Police Defendants"), exited the vehicle.

22.     The Individual Police Defendants walked to Plaintiff's vehicle with guns drawn

and yelled at Plaintiff to get out of the vehicle.

23. Plaintiff remained at the scene.

24. The Individual Police Defendants surrounded the vehicle.  One of the defendants approached the driver's side of Plaintiff's vehicle and told Plaintiff to get out of the vehicle.

25. Plaintiff informed the defendant police officer that several young children were in the car.

26. The Individual Police Defendants, with their guns drawn, continued to yell at Plaintiff to get out of his car.

27. The children inside Plaintiff's vehicle began screaming and crying.

28. Plaintiff cooperated and attempted to exit his vehicle.

29. While trying to exit his vehicle, Plaintiff was pulled out by the Individual Police Defendants.

30. The Individual Police Defendants hit Plaintiff in the face and threw him to the ground.  They then proceeded to kick him.

31. While on the ground, Plaintiff was pleading with the Individual Police Defendants to stop.

32. The Individual Police Defendants continued to hit and strike Plaintiff.

33. The Individual Police Defendants accused Plaintiff of dealing drugs and told him repeatedly to "shut up."

34. The children inside Plaintiff's vehicle continued to scream and cry.

35. While the Individual Police Defendants were beating up Plaintiff, Plaintiff's eleven-year-old step son, Robert, exited the vehicle, pleading with the Individual Police Defendants to stop.

36. One of the police defendants grabbed Robert and looked inside the vehicle and noticed the other children.

37. Other police officers were contacted and arrived at the scene.

38. They transported the children to a nearby precinct.

39. Plaintiff was handcuffed and placed under arrest without probable cause.

40. The Individual Police Defendants searched Plaintiff at the scene. They did not find any drugs or contraband on his person.

41. The Individual Police Defendants searched Plaintiff's vehicle. They did not find and drugs or contraband or indicia of criminal activity inside the vehicle.

42. Despite any evidence that Plaintiff committed a narcotics offense, Plaintiff was charged with Criminal Sale of a Controlled Substance, a class B felony.

43. Plaintiff's vehicle was vouchered as forfeiture by the Individual Police Defendants.

44. Despite having no probable cause to arrest and prosecute Plaintiff, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

45. Plaintiff was transported to St. John's Episcopal Hospital for injuries sustained to his head, face and body.

46. Plaintiff was examined and treated at St. John's Episcopal Hospital by Dr. Ismaila Adiatu who diagnosed Plaintiff with an orbital fracture and fracture of his upper jaw.

47. After he was discharged from St. John's Episcopal Hospital, Plaintiff was transported to Queens Criminal Court. He was arraigned on additional criminal charges, including but not limited to, resisting arrest, obstruction of governmental administration and vehicle and traffic law offenses, and released him on his own recognizance. All felony narcotics

charges were dismissed.

48. On May 29, 2012, Plaintiff plead guilty to unlicensed driving and was sentenced to pay a $75 fine.

### Plaintiff's Injuries and Damages

49. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

(1) Suffered severe physical injuries;

(2) Suffered psychological injuries;

(3) Suffered emotional and mental anguish and pain;

(4) Was denied their state and federal constitutional rights and liberties;

(5) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

(6) Incurred substantial legal fees;

(7) Continues to suffer from psychological injuries, emotional and mental anguish and pain; and

(8) Incurred other items of attendant damages.

### FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 49 with the same force and effect as if more fully set forth at length

herein.

51. The use of excessive force by the Individual Police Defendants in striking Plaintiff was an objectively unreasonable physical seizure of Plaintiff in violation of his rights under the Fourth Amendment of the United States Constitution.

52. The Individual Police Defendants violated Plaintiff's rights under the Fourth Amendment in acting with deliberate indifference in failing to intervene and protect Plaintiff. Defendants knew that Plaintiff was going to be subjected to a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. The Individual Police Defendants who were acting within the scope of their employment, arrested and caused Plaintiff to be imprisoned on felony narcotics charges without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## THIRD CAUSE OF ACTION

### Malicious Prosecution/Fourth Amendment Rights

55. Plaintiff repeats, reiterate, and realleges each and every allegation contained in paragraphs marked 1 through 54, with the same force and effect as if more fully set forth at length herein.

56. The acts and conduct of the Individual Police Defendants constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. The Individual Police Defendants commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff when on or about, March 11, 2012, all felony narcotics charges against Plaintiff were dismissed.

## JURY DEMAND

57. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

b. For compensatory damages in an amount to be determined;

c. For punitive damages in an amount to be determined;

d. For reasonable attorneys' fees, together with costs and disbursements, pursuant to § 1988 and this Court's discretion;

e. For pre-judgment interest as allowed by law; and

f. For such other and further relief as this Court may deem just and proper.

DATED:   August 30, 2013
         New York, New York

        Yours, etc.

        /s/
        By: ANTHONY CECUTTI
        (AC 5830)
        100 Lafayette Street, Suite 401
        New York, New York 10013
        (917) 741-1837

TO:    Assistant Corporation Counsel Carolyn Depoian
        New York City Law Department
        100 Church Street
        New York, New York 10007

**<u>ATTORNEY VERIFICATION</u>**

State of New York )
                     ) ss.:
County of New York )

       ANTHONY CECUTTI, ESQ., an attorney duly admitted to practice before the courts of this district, affirms the following under penalty of perjury:

       I am an attorney who represents the Plaintiff in this action. I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. The reason this verification is made by me and not by the plaintiff is that she resides outside of New York County, the location of my offices.

                                                       _____/s/_____
                                                       ANTHONY CECUTTI